UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. JONES, # 193539,

        Petitioner,               Case Number: 2:20-CV-12682
                                              HONORABLE SEAN F. COX

v.

MICHELLE FLOYD,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

Michigan state prisoner Anthony D. Jones filed a habeas petition under 28 U.S.C. § 2254. He challenges his convictions for two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a), and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520(e)(1)(a). Petitioner seeks habeas relief on the grounds that the trial court lacked jurisdiction because of defects in the criminal complaint and warrant and the Michigan appellate courts erred in deciding his post-conviction appeals. For the reasons set forth, the Court denies the petition and declines to issue a certificate of appealability.

**I.**     **Background**

Petitioner was convicted in Wayne County Circuit Court of multiple counts of criminal sexual conduct. *See People v. Jones*, No. 333572, 2018 WL 442322, at *1

(Mich. Ct. App. Jan. 16, 2018). He was convicted and sentenced to 8 to 22 years for each of the convictions, to be served concurrently. Petitioner filed an appeal of right in the Michigan Court of Appeals, which affirmed his convictions. *Id.* The Michigan Supreme Court denied leave to appeal. *People v. Jones*, 501 Mich. 1093 (2018), recons. denied, 503 Mich. 862 (2018).

Petitioner later filed a state petition for writ of habeas corpus in the Jackson County Circuit Court, arguing that his convictions are void because the complaining witness did not sign failed to sign the felony complaint. The state court denied the motion. *See Jones v. Floyd,* No. 19-2697 (Jackson Cty. Cir. Ct. Oct. 23, 2019) (ECF No. 1, PageID.41-42). The Michigan Court of Appeals denied Petitioner's application for leave to appeal. *Jones v. Cooper Street Corr. Facility*, No. 353026 (Mich. Ct. App. May 18, 2020) (ECF No. 1, PageID.39). The Michigan Supreme Court also denied leave to appeal. *Jones v. Cooper Street Corr. Facility*, 947 N.W.2d 796 (Mich. Sept. 8, 2020).

Petitioner then filed this habeas corpus petition raising the following claims:

I. Did the lower habeas corpus court commit a palpable error and abuse its discretion [by failing to require the trial court to properly obtain jurisdiction over Petitioner]?

II. Did the Michigan Court of Appeals abuse its discretion [by neglecting to explain its denial of Petitioner's application for leave to appeal]?

**II.    Standard of Review**

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right. The petition will be dismissed.

A state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

#### A. Jurisdiction of State Trial Court

In his first claim, Petitioner argues that a radical jurisdictional defect rendered the trial court without jurisdiction. He bases this claim on alleged deficiencies in the criminal complaint and warrant.

"'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and does not encompass reexamining state-court determinations of state-law issues. *Id.* at 68. The determination whether a state court had jurisdiction under state law is properly made by the state courts, not the federal judiciary. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). *See also Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law: The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction. . . . This determination of jurisdiction is binding on this [federal] court.") (internal quotation omitted).

Petitioner's claim fails to establish a constitutional violation. The Court finds no basis for granting habeas relief on this claim.

#### B. State Court Habeas Corpus Proceeding

Petitioner's second claim concerns the state courts' handling of his petition for

4

state habeas relief. First, Petitioner argues that the Michigan Court of Appeals' failure to provide an explanation for denying his application for leave to appeal was an abuse of discretion. There is no constitutional requirement that a state court decision must be accompanied by an explanation. *Harrington v. Richter,* 562 U.S. 86, 98 (2011). A federal court may grant habeas relief "'only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010), quoting 28 U.S.C. § 2254(a). Because a state court is not constitutionally required to provide reasons for its decision, the Court finds no violation of the Constitution or federal law.

Second, Petitioner argues that the Michigan Supreme Court improperly labeled his application for leave to appeal a "delayed" application. The Court "must accept as valid a state court's interpretation of the ... rules of practice of that state." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008). The Court will not reexamine the state court's characterization of the application for leave to appeal because the determination was based upon the state court's interpretation of Michigan rules of practice.

In addition, Petitioner's claim alleges deficiencies during the state-court collateral review process, rather than deficiencies in the direct review process. State court collateral proceedings "are not constitutionally required" so deficiencies in state post-conviction proceedings may not form the basis for habeas corpus relief. *Murray v. Giarratano*, 492 U.S. 1, 10 (1989). Habeas relief is denied on this claim.

**IV. Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

The petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

s/Sean F. Cox<br>
SEAN F. COX<br>
UNITED STATES DISTRICT JUDGE

Dated October 14, 2020