UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. JONES, # 193539,

        Petitioner,                       Case Number: 2:20-CV-12682
                                                HONORABLE SEAN F. COX

v.

MICHELLE FLOYD,

        Respondent.
        _____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY (ECF No. 11)**

Petitioner Anthony D. Jones has appealed the Court's opinion and judgment denying his *pro se* petition for the writ of habeas corpus. The habeas petition challenged Petitioner's Michigan convictions for two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a), and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520(e)(1)(a). Petitioner sought habeas relief on these grounds: (i) the trial court lacked jurisdiction because of defects in the criminal complaint and warrant; and (ii) the Michigan appellate courts erred in deciding his post-conviction appeal. The Court found no merit in these claims and denied the petition. Currently before the Court is Petitioner's motion for a certificate of appealability.

The Court declined to grant a certificate of appealability (COA) at the same time the Court denied the petition. So the Court construes Petitioner's current motion for a COA as a motion for reconsideration. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the

correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner seeks a COA for the two claims raised in his habeas petition. The Court denied Petitioner's challenge to the adequacy of the state criminal complaint and warrant because the claim challenged a state-court determination on a state-law issue. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). In his second claim, Petitioner challenged the state courts' handling of his post-conviction appeals. This claim was denied because, like Petitioner's first claim, it raised only alleged violations of state law.

Petitioner fails to show that the Court made an obvious, clear, unmistakable, manifest, or plain error in denying his habeas claims. His motion simply reasserts arguments advanced in his petition. A motion which presents the same issues already ruled upon by the Court does not allege sufficient grounds for reconsideration. *See* E.D. Mich. L.R. 7.1(h)(3) ("[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues relied upon by the Court, either expressly or by reasonable implication."). The Court will deny reconsideration.

Petitioner also states that he received ineffective assistance of counsel. (ECF No. 11, PageID.209.) This claim was not raised in the petition and it is unclear whether Petitioner intends to assert ineffective assistance of counsel as a new claim or a new basis for a COA. To the extent that he seeks a COA on this claim, the request is denied because the claim was not raised in the petition. To the extent that Petitioner asserts this claim as a new basis for habeas corpus relief, the claim is comparable to a second or successive petition. The Court has no

jurisdiction to adjudicate a second or successive petition unless the Sixth Circuit Court of Appeals authorizes the filing of a second or second petition.  *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149, 157 (2007) (concluding that the District Court lacked jurisdiction to entertain a state prisoner's second or successive habeas petition challenging custody because the petitioner failed to comply with the gatekeeping requirements of § 2244(b) and neither sought, nor received, authorization from the Court of Appeals before filing the petition).  Because Petitioner has not received permission from the Court of Appeals to file a second or successive petition raising this claim, the Court lacks authority to address the merits of the new claim.

Accordingly, for the reasons states, the Court DENIES Petitioner's Motion to Grant Certificate of Appealability (ECF No. 11).

                                                    s/Sean F. Cox
                                                    SEAN F. COX
                                                    UNITED STATES DISTRICT JUDGE
Dated: February 9, 2021